UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent/Plaintiff,<br><br>　　v.<br><br>NICHOLAS BRODIGAN,<br><br>　　　　　　　　　Petitioner/Defendant. | Case No. 2:17-cr-00103-KJD-VCF<br>No. 2:20-cv-01168-KJD<br><br>ORDER |

Presently before the Court is Movant's Motion to Vacate under 28 U.S.C. § 2255 (#194) and Movant's Supplement to Motion to Vacate (#210). The Government did not respond.

I.　　　Factual and Procedural Background

In March of 2017, Movant Nicholas Brodigan ("Brodigan" or "Defendant") and another individual entered a Lowe's Home Improvement store in Las Vegas. The other individual, Justin Castro ("Castro") was armed with a semiautomatic handgun, which he openly carried in a holster on his hip. The two of them walked in, grabbed an expensive tool bag, and walked past all points of sale without attempting to purchase the tool bag. When an employee questioned them about the bag, Castro placed his hand on the holster and said, "[m]ove out of the way or get shot." They fled the scene in a getaway vehicle driven by another co-defendant. A few days later, they did the same thing at two separate Home Depots, totaling three crimes.

On June 26, 2019, Brodigan plead guilty to one count of use of a firearm during and in relation to "a crime of violence" (specifically, aiding and abetting Hobbs Act robbery) in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). On October 9, 2019, the Court sentenced him to 120 months imprisonment and five years of supervised release. Brodigan did not appeal.

Brodigan brings the present motion asking the Court to vacate his sentence in light of recent Supreme Court decisions. Brodigan argues that pursuant to United States v. Davis, 139 S. Ct.

2319 (2019), Hobbs Act robbery and aiding and abetting Hobbs Act robbery is not a crime of violence. Brodigan also argues Hobbs Act robbery is not a crime of violence under <u>Borden v. United States</u>, 141 S. Ct. 1817 (2021).

II.     Legal Standard

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

Hobbs Act robbery makes it illegal to obstruct, delay, or affect commerce or the movement of commerce by robbery or extortion. 18 U.S.C.A. § 1951(a). In relevant part it states:

> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

<u>Id.</u> The Ninth Circuit has ruled that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A). <u>United States v. Dominguez</u>, 954 F.3d 1251, 1255 (9th Cir. 2020); <u>United States v. Mendez</u>, 992 F.2d 1488 (9th Cir. 1993).

Section 924(c) carries heightened criminal penalties for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence." Section 924(c)(3) provides:

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause is considered the "elements clause" and the second is considered the "residual clause." On June 24, 2019, the Supreme Court held in <u>Davis</u>, that the "residual clause" in the

definition of a "crime of violence," 2018 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. Davis, 139 S. Ct. at 2336.

The Ninth Circuit has held, post-Davis, by clear and binding mandate, that Hobbs Act robbery remains a crime of violence under the elements clause. United States v. Knight, No. 21-10197, 2023 WL 34698, at *2 (9th Cir. Jan. 4, 2023); Young v. United States, 22 F. 4th 1115, 1122-23 (9th Cir. 2022); see also United States v. Watson, 881 F.3d 782 (9th Cir. 2018). The Ninth Circuit has also held that there is no distinction between aiding and abetting and that "it is simply one means of committing the underlying crime" and that aiding and abetting a crime of violence categorically qualifies as a crime of violence, even after Davis. Young, 22 F. 4th, at 1123.

In 2021, in Borden, the Supreme Court was tasked with determining "whether a criminal offense can count as a violent 'felony' if it requires only a mens rea of recklessness– a less culpable mental state than purpose or knowledge." Borden, 141 S. Ct. at 1821. The answer is no. The Court made clear that "[p]urpose and knowledge are the most culpable levels in the criminal law's mental-state 'hierarchy'" and "[r]ecklessness and negligence are less culpable mental states[.]" Id. at 1823. Specifically, the Court held that the Armed Career Criminal Act ("ACCA") elements clause (18 U.S.C. § 924(e)(2)(B)(i)) does not encompass crimes with a mental state of recklessness. Id. at 1835.

III.    Analysis

**A.  Davis Decision**

Brodigan argues that his sentence should be vacated because it violates his constitutional rights pursuant to the Supreme Court's decision in Davis. (#194, at 1). He argues that Hobbs Act robbery itself is not a crime of violence, and that aiding and abetting Hobbs Act robbery is not a crime of violence under the elements clause. Id. at 2.

At the time Brodigan filed the present motion, in June of 2020, the Ninth Circuit nor the Supreme Court had resolved whether aiding and abetting Hobbs Act robbery was a crime of violence under the elements clause of § 924(c). However, the Ninth Circuit has squarely held that (1) Hobbs Act robbery is a crime of violence, and (2) there is no distinction between aiding

and abetting liability and liability as a principal. Young, 22 F. 4th at 1123. These rulings, which are binding on this Court, directly contradict Brodigan's arguments.

**B.  Borden Decision**

Brodigan also relies on the recent Supreme Court ruling in Borden v. United States, 141 S. Ct. 1817 (2021) to argue that "to meet the elements clause, a predicate offense must require an intentional mens rea for the use, attempted use, or threatened use of force." (#210, at 3). Because of this, Brodigan argues, his § 924(c) sentence is unconstitutional. Id. at 3-4. The Court disagrees.

Brodigan asks the Court to extend the Borden holding regarding the ACCA elements clause (18 U.S.C. § 924(e)(2)(B)(i)) to § 924(c) because of the nearly identical elements clause– "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Brodigan argues that Borden stands for the proposition that "the elements clause mandates the predicate offense statute must require 'a deliberate choice with full awareness of consequent harm' against 'the object of the intentional act.'" (#210, at 5). Or in other words, that Borden limits crimes of violence to specific intent crimes. Brodigan asserts that "[b]ecause both aiding and abetting Hobbs Act robbery and substantive Hobbs Act robbery do not require *intentional* use, attempted use, or threatened use of force they do not qualify as crimes of violence under the elements clause of § 924(c)." Id. at 6. Rather, Brodigan argues that Hobbs Act robbery is only a general intent crime and that "knowing" conduct is "an implied and necessary element of Hobbs Act robbery," and a "knowing mens rea equates with recklessness." (#210, at 8). He also argues that "purpose corresponds to the concept of specific intent, while knowledge corresponds to general intent." Id.

However, Borden clarified that the elements clause in the ACCA "covers purposeful and knowing acts, but excludes reckless conduct[.]" Borden, 141 S. Ct. at 1826. This flatly contradicts Brodigan's assertion that a knowing mens rea equates with recklessness. The Court went on to explain that purposeful *and* knowing conduct is obvious and sufficient under the elements clause. Id. Also, neither Hobbs Act robbery nor aiding and abetting Hobbs Act robbery has a mens rea of recklessness. Therefore, Borden does not apply here. As stated by Brodigan,

- 4 -

"criminal intent–acting 'knowingly or willingly'–is an implied and necessary element that government must prove for a Hobbs Act conviction." United States v. Dominguez, 954 F.3d 1251, 1261 (9th Cir. 2020); see United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).

The Ninth Circuit has held that Hobbs Act robbery and aiding and abetting a Hobbs Act robbery is a crime of violence, and Borden does not change that. Further, post-Borden, the Ninth Circuit has affirmed that robbery under 18 U.S.C. § 924(c), even under aiding and abetting liability is still a crime of violence. United States v. Joseph, No. 19-169767, 2022 WL 850036, at *1 (9th Cir. Mar. 22, 2022).

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Brodigan has not met his burden in demonstrating any of the above. The Ninth Circuit has disposed of his arguments in clear fashion.

//
//
//
//
//
//

V.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#194) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:20-cv-01168-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

DATED this 10th day of July 2023.

Kent J. Dawson
United States District Judge